# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DANIEL FELL, JOEL OKUN,**       **CASE NO.:**
**DUSTIN BREWER, and SERGIO**
**WILLIAMS**

     **Plaintiff,**

**v.**

**ROBERT JOHNSON, in his official capacity as**
**SHERIFF, SANTA ROSA COUNTY, Florida,**
**JUSTIN CASTRO, individually, JOSHUA**
**TOOLE, individually, JAMES**
**HAZELWOOD, individually, JEREMY ODOM,**
**individually, BRANDON GIBBS, individually,**
**DUSTIN O'NEIL, individually, CLAYTON POLK,**
**individually, and JEREMY RAUGHT,**
**individually,**

     **Defendants.**

_____/

## COMPLAINT

Plaintiffs, DANIEL FELL, JOEL OKUN, DUSTIN BREWER, and SERGIO

WILLIAMS, hereby sues Defendants, ROBERT JOHNSON, in his official capacity

as SHERIFF, SANTA ROSA COUNTY, Florida, JUSTIN CASTRO, individually,

JOSHUA TOOLE, individually, JAMES HAZELWOOD, individually, JEREMY

ODOM, individually, BRANDON GIBBS, individually, DUSTIN O'NEIL,

individually, CLAYTON POLK, individually, and JEREMY RAUGHT,

individually, and alleges:

## NATURE OF THE ACTION

1.     This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendants. This is an action brought under the common law of the State of Florida, and under the Fourth and Fourteenth Amendments to the United States Constitution brought through 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing Plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2.     This is an action involving claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00).

## PARTIES

3.     At all times pertinent hereto, Plaintiff, DANIEL FELL, has been a resident of SANTA ROSA, County, FL. He is *sui juris*.

4.     At all times pertinent hereto, Plaintiff, DUSTIN BREWER, has been a resident of SANTA ROSA, County, FL. He is *sui juris*.

5.     At all times pertinent hereto, Plaintiff, JOEL OKUN, has been a resident of SANTA ROSA, County, FL. He is *sui juris*.

6.    At all times pertinent hereto, Defendant, ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY, Florida (hereinafter "SHERIFF") has been organized and existing under the laws of Florida as a law enforcement agency known as the SANTA ROSA COUNTY SHERIFF'S OFFICE ("SRCSO") and is located in SANTA ROSA, County Florida.  Defendant Sheriff operates the Santa Rosa County Jail (SRCJ).

7.    At all times pertinent hereto, Defendant, SERGEANT JUSTIN CASTRO (hereinafter "CASTRO"), individually, was a resident of the State of Florida and was employed by Defendant SHERIFF, as a DETENTION SERGEANT. He is *sui juris*.

8.    At all times pertinent hereto, Defendant, LIEUTENANT JOSHUA TOOLE, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION LIEUTENANT. He is *sui juris*.

9.    At all times pertinent hereto, Defendant, JAMES HAZELWOOD, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

10.    At all times pertinent hereto, Defendant, JEREMY ODOM, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

11.    At all times pertinent hereto, Defendant, BRANDON GIBBS, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

12.    At all times pertinent hereto, Defendant, DUSTIN O'NEAL, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

13.    At all times pertinent hereto, Defendant, CLAYTON POLK, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

14.    At all times pertinent hereto, Defendant, JEREMY RAUGHT, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF as a DETENTION OFFICER. He is sui juris.

## CONDITIONS PRECEDENT

15.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE FACTS (DANIEL FELL)

16.    Though presumed innocent in the eyes of the law, Plaintiff Daniel Fell was forced to endure a gauntlet of detention officers who punished him long before he ever saw a courtroom.

17.    In February 2024, Daniel Fell was an inmate at the Santa Rosa County Jail.

18.    Plaintiff is 100% disabled since June 2014, with a traumatic brain injury, of which Defendant was aware.

19.    On February 27, 2024, Plaintiff was called out of his holding cell into a private cell and immediately attacked by about four Santa Rosa County Jail Detention Officers including but not limited to Sergeant Justin Castro and Lieutenant Joshua Toole.

20.    Plaintiff was grabbed by his head and had his feet kicked out from under him and he was slammed face first onto the floor. He was then picked up by all four limbs and the back of his head was slammed into the concrete.

21.    Plaintiff's bottom dentures were punched/kicked out of his mouth. Plaintiff heard one of the deputies state "there's his teeth, stomp them". The officers thereafter stomped on Plaintiff's dentures, breaking them in half. The officers also broke Plaintiff's glasses.

22.    Plaintiff was punched and kicked in the stomach, face, legs, pelvis, all over his body by these four correctional officers.

23.    One correctional officer grabbed Plaintiff by his beard, ripping the hair off while another was behind him choking him.

24.    The correctional officers/deputies directly sprayed mace into Plaintiff's mouth while punching him in the stomach, while screaming "F**k him, f**k that boy", then they tased Plaintiff twice.

25.    As Plaintiff was laying there limp, he regained consciousness. The officers began choking him, punching him as they yelled "Put him in a chair". The officers then proceeded to mace Plaintiff again. Lieutenant Toole then stated "let's take him to the washing station where it's not recorded."

26.    At the washing station, Sergeant Castro placed a hose pointing towards Plaintiff's nose and mouth while screaming "breathe b***h". Castro and the other officers threatened to drown Plaintiff and continued choking and beating Plaintiff in the face, stomach, and ribs. They began to stomp on Plaintiff's foot and ankle area stating that they were going to "f**k him up". The officers stated they wish he would drown like the "last b***h", referencing another inmate whom they abused.

27.    The correctional officers/deputies continued to spray water in Plaintiff's face trying to drown him by forcing water in his mouth as well as punching him. They then moved him into another cell by rolling him in a wheelchair.

28.    For approximately five to six hours, Plaintiff remained strapped to this chair. One of the officers came into Plaintiff's cell making snide remarks and belittling him.

29.    Plaintiff was then moved to another area while still strapped to the wheelchair. The officers told Plaintiff that they could keep him in the chair for six hours so he "better shut his f*****g mouth". They threatened Plaintiff life, saying that they knew where he lived and if he didn't keep his mouth shut they would find him and f**k him up.

30.    After they let Plaintiff back into his holding cell, there was no running water so he couldn't rinse his eyes or use the toilet. Plaintiff was without his glasses and teeth at that point. The officers brought Plaintiff a half tray of what appeared to be leftover food, some of which seemed to have been partially consumed by other inmates. Additionally, the correctional officers coerced the attending nurse into documenting false statements about Plaintiff's condition and behavior in an apparent effort to conceal their abuse and excessive force.

31.    Notably, to Plaintiff's knowledge he was never given the opportunity to make a call when he was transported to the jail.

32.    Plaintiff was released on February 28, 2024. It was not until he was about to be released that the officer s ripped the tasers from Plaintiff's back.  Plaintiff immediately had to seek medical attention at the emergency room where he was placed into a trauma room and had several cat scans and tests. Plaintiff suffered from facial damage, a black eye, and stomach and wrist bruising.

33.     On February 29, 2024, Plaintiff went to the optometrist for issues with his right eye due to the beating on February 27, 2024. He was diagnosed with a ruptured retina due to being choked, told his vision may never recover and that he may need surgery on his right eye.

34.     Plaintiff lives in fear every day in Santa Rosa County due to the threats that the deputies knew where he lived and if he didn't keep his mouth shut, they would find him and f**k him up.

35.     Plaintiff has retained the undersigned to represent hi interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## STATEMENT OF THE FACTS (JOEL OKUN)

36.     When Joel Okun pulled over in medical distress, he feared for his health. What followed inside the jail was far worse — a medical emergency caused by the very people sworn to care for him.

37.     On or about July 23, 2023, Plaintiff was driving his truck when he began to experience a medical emergency. Plaintiff was dehydrated and began to feel faint from the hot weather and pulled his vehicle to the side of the road so as not to endanger himself or any other vehicles on the road. A bystander called emergency services to help Plaintiff. In the meantime, Plaintiff turned his dash camera to face his direction and record himself, fearing that he would lose consciousness.

38.     Soon after the call was made for emergency services, Officer Jeremy Ducker responded to the scene. Rather than helping Plaintiff, who was clearly having a medical emergency, Officer Ducker grabbed the camera forcefully from Plaintiff's hands, and threw it through the window, cracking the windshield and breaking the dash camera. Then, the officer jumped on Plaintiff's back and attacked him from behind and restrained him with handcuffs. At this time, Plaintiff was not acting aggressively and instead, was struggling to continue normal function because of the extreme heat.

39.     Plaintiff was taken to and booked in the Santa Rosa jail after being arrested. During this time, Plaintiff continued to feel worse and worse, believing he was having a heat stroke and was afraid of passing out or even dying.

40.     Plaintiff was then transported to a "pod" or a holding cell while inside the Santa Rosa jail. Because of his poor condition, Plaintiff immediately went to bed and slept. He was later awoken at night with other inmates and was told to step out of the pod alongside the other inmates.

41.     Officer James Hazelwood, Officer Brandon Gibbs, Officer Joshua Toole, and Officer Jeremy Odom were on duty in the Santa Rose Jail on July 23 and July 24, 2023.

42.     Plaintiff went to stand as he was instructed by the officers, but he was attacked from behind and handcuffed. The officer, believed to be Hazelwood, Gibbs,

Toole and/or Odom, handcuffed Plaintiff to a chair, strapped his arms down, and cuffed his legs to the chair as well. Then, after Plaintiff was completely immobilized, one of the three officers told Plaintiff that he was, "going to kill [him] now." Plaintiff, fearing for his life, pleaded with the officer, begging him not to and telling the officer that he had a daughter. The officer then told Plaintiff to "shut the f**k up," and that he would "kill his family too."

43.    The officer then sprayed pepper spray into Plaintiff's eyes and proceeded to punch his stomach on and off for the next few hours. The officer also began choking Plaintiff to the point that he couldn't breathe and then would beat him again until the officer was tired and would take a break. Then, after some time, the officer resumed beating Plaintiff. This pattern continued for several hours, and Plaintiff eventually passed out from the punches and trauma. Plaintiff's condition was so severe that he had to be wheelchaired out of the jail and was taken to a hospital.

44.    Plaintiff then spent the next several days on an IV, recovering, and had multiple tests and scans taken to assess his damage. Plaintiff sustained blunt force trauma to his stomach, liver, kidneys, and thorax, and a ruptured stomach.

45.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## **STATEMENT OF THE ULTIMATE FACTS (DUSTIN BREWER)**

46.    Dustin Brewer entered the jail unarmed and unresisting — he left it bruised, bloodied, and broken by a beating no one tried to stop.

47.    On or about July 19, 2023, Plaintiff was lawfully incarcerated at Santa Rosa County Jail.

48.    During said incarceration, Plaintiff was prescribed and administered detoxification medication pursuant to medical protocol.

49.    On July 22, 2023, SRCJ personnel denied Plaintiff access to his prescribed medication, asserting his absence from the medication distribution list, and directed him to submit a medical request form, notwithstanding prior medication administration.

50.    Plaintiff complied with said directive and subsequently received his prescribed medication the following day.

51.    On the evening of July 23, 2023, Plaintiff had the same issue accessing his required medicine. Plaintiff approached the same SRCJ personnel about this issue, who instructed him to follow the previously established procedure. Plaintiff requested that staff investigate the disruptions to prevent a serious medical emergency from occurring.

52.    Subsequently, Plaintiff was forcibly removed from his cell and taken to the interview room, where he was immediately maced by Lieutenant Toole.

There was so much mace that Plaintiff took off his jumpsuit to wipe his face and cover his eyes to prevent further injury.

53.     Toole then dragged Plaintiff, who was naked after using his jumpsuit to protect his face, from the interview room to the booking area and then to the changeout area, a location known for inmate abuse because of the absence of surveillance cameras. Once there, Toole, Officer Dustin O'Neil, and another officer whose identify is not yet known began to batter Plaintiff.

54.     Toole struck Plaintiff in the face with handcuffs while O'Neil repeatedly kicked his chest and stomach area. The officer whose name is not yet known rammed Plaintiff's head into the wall until he lost consciousness. Plaintiff woke up only after O'Neil deployed his taser and hit his buttocks, which caused burns and cuts.

55.     When Plaintiff regained consciousness, he was forcibly strapped to a chair and sprayed with hot water on his face. The officers strapped him to the chair so tightly that Plaintiff could barely breathe, and had to take shallow breaths for three hours, until he was finally released back into his cell.

56.     Still covered in mace and unable to fully open his eyes due to the exposure, Plaintiff was moved to a cell without receiving any medical treatment for his injuries.

57.    Plaintiff was subsequently denied necessary and reasonable medical treatment.

58.    Two weeks after the incident, Plaintiff given medical assistance for his injuries. As a direct and proximate result of these actions, Plaintiff sustained facial trauma, cranial injuries, a bad bruising on his chest and stomach, three broken ribs, and continuing pain to his neck and right shoulder.

59.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## STATEMENT OF THE ULTIMATE FACTS (SERGIO WILLIAMS)

60.    Sergio Williams entered the Santa Rosa County Jail on November 24, 2022.  He had a valid commercial driver's license and there was no lawful cause for his detention. Weeks later, he was tortured, waterboarded, and chemically burned by officers wielding power as punishment.

61.    On or about November 24, 2022, Plaintiff was traveling through Santa Rosa County en route to his father's residence for Thanksgiving.

62.    While in transit, Plaintiff was detained by officers of the Santa Rosa County Sheriff's Office based on allegations that he was operating a vehicle with a suspended license. However, at that time, Plaintiff possessed a valid commercial driver's license, which he actively used for employment.

63.     During the detention, officers further informed Plaintiff that a felony warrant for his arrest existed in Holmes County. This representation was also false.

64.     On or about November 24, 2022, Plaintiff was arrested and taken into custody in the Santa Rosa County Jail.

65.     On or about December 10, 2022, while Plaintiff was asleep in his dorm bunk with his blanket pulled over his face, Deputy Raught forcibly pulled Plaintiff's blanket and hair, painfully waking him.  Plaintiff had previously experienced issues and heightened issues with Deputy Raught earlier that day in the dorm.

66.     On December 10, 2022, when Deputy Raught asked Plaintiff for his ID, Plaintiff replied that he did not know where it was. When Deputy Raught asked him a second time where his ID was, Plaintiff requested to speak to a lieutenant or sergeant to avoid a confrontation with Officer Raught.

67.     Instead of accommodating Plaintiff's request, Deputy Raught threatened to hurt Plaintiff and to spray him with chemical agents if he did not produce his ID. Plaintiff stood up and told Raught that if he was assaulted again, he would defend himself. Plaintiff reiterated that he did not have his ID. Deputy Raught then discharged chemical agents at Plaintiff's face and grabbed his left arm.

68.     Plaintiff broke free of Raught's grasp, repeatedly told him not to touch him, and walked away to avoid further physical harm. A female deputy arrived, and Plaintiff complied with her instructions but requested that Deputy Raught not be

allowed to touch him further. Despite Plaintiff's compliance, Deputy Raught began to escalate the situation, acting aggressively and increasing the volume of his voice. Fearing for his safety due to Raught's prior threats and conduct, Plaintiff placed his hands in front of him on a windowsill and did not resist.

69.    Additional unknown deputies arrived at the scene. Plaintiff was then slammed to the floor, restrained by his hands and feet, and taken to the interview room. While restrained, Plaintiff began feeling dizzy, noticed he was bleeding, and experienced loss of bladder control due to the lingering effects of the chemical agent exposure.

70.    Plaintiff alerted the officers that he was experiencing a medical emergency and needed urgent help. His pleas were ignored. The same deputy who had initially sprayed Plaintiff returned and told him to stop hitting the door, disregarding Plaintiff's visible injuries and blood on the floor.

71.    Still restrained and inside the interview room, Plaintiff was sprayed again with chemical agents — the second use of force — despite posing no threat and being unable to move freely.

72.    Plaintiff was then placed in the restraint chair, referenced above and the location where other inmates had been beaten, and transported to the ACR area. After the repeated harassment and abuse at the hands of the Santa Rosa County

personnel, Plaintiff became distrustful and scared, and he informed officers that he wanted to be left alone and refused immediate medical attention.

73.    Sergeant Polk and another unknown deputy then wheeled Plaintiff to the shower area while he was still strapped to the restraint chair. His chair was tilted backwards by a deputy to have his head face the shower head. Then, the deputies opened the faucet, purposefully using hot water to cause more pain to Plaintiff. The hot water mixed with the residue from the chemical agents Plaintiff was exposed to, creating an extremely painful burning sensation, almost as though Plaintiff's face was on fire. As the water rushed at Plaintiff's face, the officers then placed a wet towel over his face When Plaintiff stated he could not breathe, an officer responded, "good."

74.    Plaintiff was effectively waterboarded by the officers for several minutes, as a way to punish and torture him without reason.

75.    Plaintiff was denied a change of clothes and dragged back to the holding cell in the restraint chair while still soaking wet and burning from chemical agent exposure. Plaintiff requested water and to use the restroom, but those requests were denied.

76.    Plaintiff attempted to relieve the burning in his neck by rubbing his head against the chair. Plaintiff was then sprayed for a third time by Sergeant Polk, without legal reason or justification. Plaintiff was still restrained in the restraint

chair, and posed no threat to Polk before he was sprayed. Then, Polk threatened to "beat [plaintiff's] ass in the shower."

77.    Plaintiff, who was not allowed to wash the chemical agents from his face because he was restrained, began spitting the OC spray out of his mouth and onto the floor to help him breathe better.  He was not spitting at the officers.  In response, the deputies placed a spit hood over Plaintiff's head. Because of the combination of water from the waterboarding torture and the residue from the third discharge of chemical agents, it was extremely difficult for Plaintiff to breathe with the spit hood on because the fabric was wet and stuck to his face.

78.    After a period of time, Plaintiff was again hosed down in the shower — this time with cold water — but the spit hood remained on his face, preventing him from breathing properly and causing him to choke on the remaining chemical agent under the mask.

79.    Plaintiff was then placed in a different cell. His mask was removed, but he remained restrained and soaked.

80.    At no time did Plaintiff physically attack, threaten, or assault any officer.

81.    Despite being sprayed with chemical agents on three separate occasions, Plaintiff was denied appropriate decontamination, denied access to

medical care (except for a mental health nurse), and left restrained for hours in wet, contaminated clothing.

82.    Ultimately, Plaintiff was transferred to a different pod and given a change of clothes and his belongings. Officers explained the move was due to the number of officers involved in the situation. Plaintiff requested an incident report and stated his intent to pursue legal action for excessive force, inhumane treatment, and waterboarding.

83.    The following day, Plaintiff was again harassed by Lt. Toole after telling deputies he did not want to speak to anyone.

84.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## <u>ABUSE TO OTHER INMATES</u>

85.    On April 17, 2019, Sheldon Hutchins was arrested for driving with a suspended license. While at Defendant SHERIFF's jail, he was suspected to have something in his mouth. After refusing to comply with directions to spit it out, officers Eric Hays, Aaron Nowlin, John Pendleton, Patrick Campbell and Kurt Schultz began to batter Hutchins after taking him to a cell. The officers deployed their tasers and O.C spray haphazardly, even after Hutchins released the item in his mouth, to punish him. They also forcefully stripped him naked and continued to beat

him while he was strapped to a restraint chair. He was then moved him from the cell while he was undressed, causing humiliation and shame, and left without receiving immediate medical attention, even though he was severely injured. Hutchins was left with severe burns and rashes from the taser, chronic pain in his neck and back, and numbness in his left side.  A lawsuit to compensate him for his injuries is pending in this Court in Case No. 3:20-cv-5952-MCR-HTC.

86.    On or about June 27, 2019, Noah Stirn was in custody at Defendant SHERIFF's jail when he was pepper sprayed and then placed into hand restraints. Officer Toole then began to strangle Stirn by placing his hands around his neck. Stirn begged for him to stop, fearing that he would die from lack of oxygen, and eventually lost consciousness because of the strangulation. Stirn had several blood vessels pop in his eyes from Toole's strangulation, which caused serious injury to his vision.

87.    On or about February 24, 2021, Sean Beck was arrested by Defendant SHERIFF's officers rather than taken to a mental health hospital and Baker Acted, as was requested by his family. During his detainment, Beck was pepper sprayed without warning or reason, stripped naked, and beaten by officers Timothy Shelton, Kiefer Boswell, Jeremy Odom, and Brandon Gibbs. Beck was not immediately taken to the hospital despite his severe injuries and only received medical treatment after he was released from custody. Beck fractured at least seven teeth and his palatal cusp, and his nose. He also sustained a serious knee injury and permanent injury to

his eyes/vision from the beating. A lawsuit to compensate him for his injuries is pending in this Court in Case No. 3:24-cv-536-TKW-HTC.

88.    On February 13, 2022, Jeremy Busby was in Defendant SHERIFF's jail pursuant to his arrest on suspicion of driving under the influence (DUI). Upon his arrival at the Santa Rosa County Jail, correctional officers demanded that he provide a blood sample, but he refused to. After his refusal, he was then placed without provocation, into a restraint chair and pushed into a part of the jail without camera surveillance, where he was beaten by several officers during which his left clavicle was fractured. Busby suffered a black eye, cuts on his face, extensive bruising, and a large lump on the back of his head. He was also prepper sprayed and rubbed into his eyes. Busby was left permanently disfigured from this incident. A lawsuit to compensate him for his injuries was pending in this Court in Case No. 3:24-cv-69-MCR-ZCB, which has been resolved.

89.    Rodney Kyle Stevens was an inmate taken into custody at the Santa Rosa County Jail. On November 26, 2023, while in the custody of the Defendant Sheriff, he was killed during a beating by Defendant Sheriff's officers/deputies.

90.    Based on information and belief, these inmates are not the only inmates who have been beaten and abused like Plaintiffs while housed in Defendant SHERIFF's jail.

## COUNT I
## COMMON LAW NEGLIGENCE
**(Brought by Plaintiffs DANIEL FELL, JOEL OKUN, DUSTIN BREWER, and SERGIO WILLIAMS against Defendant SHERIFF)**

91.    Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

92.    This count sets forth a claim against Defendant SHERIFF for common law negligence. Defendant SHERIFF knew or should have known that Plaintiffs were within a zone of risk related to contact with its agents/employees.

93.    Defendant SHERIFF owed a duty of care to Plaintiffs due to the nature of the relationship between Plaintiffs and Defendant SHERIFF and/or Defendant SHERIFF had a special relationship with Plaintiffs and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant SHERIFF because Plaintiffs were in the foreseeable zone of risk to be harmed by the actions thereof.

94.    Defendant SHERIFF further breached its duty to ensure the proper treatment of inmates entrusted to his case, to ensure the safety of Plaintiffs and/or to properly investigate the circumstances of criminal and/or tortious activity. In fact, Defendant Sheriff was advised on at least one occasion in writing by a deputy about the beatings and he did nothing.

95.    The actions of Defendant SHERIFF and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in

policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

96.    As a direct and proximate result of the SHERIFF's negligence, Plaintiff DANIEL FELL suffered severe physical injuries including facial trauma, a ruptured retina, and long-term pain. Plaintiff JOEL OKUN sustained internal organ damage, blunt force trauma, and a ruptured stomach. Plaintiff DUSTIN BREWER suffered cranial injury, broken ribs, and severe emotional distress. Plaintiff SERGIO WILLIAMS suffered long lasting eye injuries. Each Plaintiff has experienced continued bodily injuries, mental anguish, loss of dignity, lost wages, diminished capacity for life enjoyment and other tangible and intangible damages.  These damages occurred in the past, are occurring at present and will certainly occur in the future.

**COUNT II**
**NEGLIGENT SUPERVISION**
**(Brought by Plaintiffs DANIEL FELL, JOEL OKUN, DUSTIN BREWER, and SERGIO WILLIAMS against Defendant SHERIFF)**

97.    Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.  This Count is pled in the alternative.

98.    This count sets forth a claim against Defendant SHERIFF for negligent supervision.

99.    Defendant SHERIFF breached its duty to properly supervise Defendants Lieutenant Joshua Toole, Sergeant Justin Castro and other officers,

employees, and agents. To wit, Defendants Lieutenant JOSHUA TOOLE, Sergeant JUSTIN CASTRO, Officers JAMES HAZELWOOD, BRANDON GIBBS, JEREMY ODOM, O'NEIL, RAUGHT, POLK and other deputies/correctional officers whose names and/or identities are not yet known were able to brutally beat and abuse Plaintiffs and others, a common practice within Defendant Sheriff's jail. There was no person who meaningfully oversaw the Jail to prevent the repeated abuses to inmates like Plaintiffs and others.  Plaintiffs and others named herein are the proverbial tip of the iceberg of abuse within Defendant Sheriff's jail.

100.   The breach of this duty to properly supervise Defendants Lieutenant JOSHUA TOOLE, Sergeant JUSTIN CASTRO, Officers JAMES HAZELWOOD, BRANDON GIBBS, JEREMY ODOM, O'NEIL, RAUGHT, POLK and other employees and agents resulted in damages and injury to Plaintiffs.  Defendant SHERIFF knew or should have known that the actions, omissions, and derelictions of officers, employees, and agents could cause injury to Plaintiffs.

101.   Defendant SHERIFF breached its duties supervise its employees and agents while on duty and take appropriate disciplinary actions against said employees and agents.

102.   As a direct and proximate result of the SHERIFF's negligence, Plaintiff DANIEL FELL suffered severe physical injuries including facial trauma, a ruptured retina, and long-term pain. Plaintiff JOEL OKUN sustained internal organ damage,

blunt force trauma, and a ruptured stomach. Plaintiff DUSTIN BREWER suffered cranial injury, broken ribs, and severe emotional distress. Plaintiff SERGIO WILLIAMS suffered long lasting eye injuries. Each Plaintiff has experienced continued bodily injuries, mental anguish, lost wages, loss of dignity, diminished capacity for life enjoyment and other tangible and intangible damages.  These damages occurred in the past, are occurring at present and will certainly occur in the future.

**COUNT III**
**NEGLIGENT RETENTION**
**(Brought by Plaintiffs DANIEL FELL, JOEL OKUN, DUSTIN BREWER, and SERGIO WILLIAMS against Defendant SHERIFF**)

103.    Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.  This Count is pled in the alternative.

104.    This count sets forth a claim against Defendant SHERIFF for negligent retention.

105.    Defendant SHERIFF breached its duty to properly discipline Defendants Lieutenant JOSHUA TOOLE, Sergeant JUSTIN CASTRO, Officers JAMES HAZELWOOD, BRANDON GIBBS, JEREMY ODOM, O'NEIL, and other officers, employees, and agents and negligently kept these Defendants failing to administer discipline up to and including termination where it was warranted and Plaintiffs were in the foreseeable zone of risk attached thereto.

106.   Defendant's lack of a policy or lack of proper implementation thereof regarding employee's behavior and appropriate disciplinary actions therefore allowed Defendants Lieutenant JOSHUA TOOLE, Sergeant JUSTIN CASTRO, Officers JAMES HAZELWOOD, BRANDON GIBBS, JEREMY ODOM, O'NEIL, and other officers to retain employment even after the conduct described more fully above.

107.   The breach of this duty to properly discipline/ terminate Defendants Lieutenant JOSHUA TOOLE, Sergeant JUSTIN CASTRO, Officers JAMES HAZELWOOD, BRANDON GIBBS, JEREMY ODOM, O'NEIL, and other officers resulted in damages and injury to Plaintiffs. Defendant SHERIFF knew or should have known that the actions, omissions, and derelictions of officers, employees, and agents when left unchecked, could cause injury to Plaintiffs.

108.   As a direct and proximate result of the SHERIFF's negligence, Plaintiff DANIEL FELL suffered severe physical injuries including facial trauma, a ruptured retina, and long-term pain. Plaintiff JOEL OKUN sustained internal organ damage, blunt force trauma, and a ruptured stomach. Plaintiff DUSTIN BREWER suffered cranial injury, broken ribs, and severe emotional distress. Plaintiff SERGIO WILLIAMS suffered long lasting eye injuries. Each Plaintiff has experienced continued bodily injuries, mental anguish, loss of dignity, lost wages, diminished capacity for life enjoyment and other tangible and intangible damages. These

damages occurred in the past, are occurring at present and will certainly occur in the future.

### COUNT IV
### 42 U.S.C. § 1983 – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### (Brought by Plaintiffs DANIEL FELL, JOEL OKUN, DUSTIN BREWER, and SERGIO WILLIAMS against Defendant SHERIFF)

109.   Plaintiffs re-allege and incorporate paragraphs 1 through 90 as if fully set forth herein.

110.   At all times material, Defendant ROBERT JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, was the final policymaker responsible for the administration, oversight, training, and supervision of the Santa Rosa County Jail and its staff, including medical personnel and corrections officers.

111.   Defendant SHERIFF owed Plaintiffs a duty, under the Eighth and Fourteenth Amendments to the United States Constitution, not to act with deliberate indifference to their known serious medical needs while they were in custody.

112.   Defendant SHERIFF, through policies, customs, or practices, maintained a systemic pattern of (a) failing to ensure timely access to medical care for injured or vulnerable inmates; (b) permitting or directing staff to falsify medical records; and (c) failing to investigate or discipline jail employees for known failures or misconduct related to denial of care.

113.   While incarcerated at the Santa Rosa County Jail:

- Plaintiff **DANIEL FELL** sustained a ruptured retina, facial trauma, a black eye, and bruising to his stomach and wrists. Despite visible injuries and obvious symptoms of medical crisis, he was denied appropriate and timely care.

- Plaintiff **DUSTIN BREWER** suffered broken ribs, facial trauma, cranial injuries, burns, and lacerations. His ribs remained untreated for more than a week, despite observable symptoms and repeated complaints, causing prolonged pain and risk of permanent injury.

- Plaintiff **JOEL OKUN** experienced blunt force trauma to his internal organs and a ruptured stomach. He was denied immediate treatment, even though he exhibited signs of medical emergency and deteriorated rapidly while in custody.

- Plaintiff **SERGIO WILLIAMS** was sprayed with chemical agents three times in a short time frame. Afterwards, he was not given a chance to clean out his eyes and face, and rather, had his injuries exacerbated when officers poured scalding hot water on his face. Plaintiff was not given immediate medical attention, causing serious eye problems.

114.   At all relevant times, Defendant SHERIFF and his subordinates were aware, or should have been aware, of Plaintiffs' obvious injuries and deteriorating conditions. Despite this, they failed to provide adequate or timely care, delayed or denied treatment, and in some cases, instructed or permitted medical personnel to underreport or falsify the extent of the injuries.

115.   These actions were not isolated events. The Santa Rosa County Jail, under the direction of Defendant SHERIFF, has a documented history of denying medical care to detainees, ignoring visible signs of injury, and failing to respond to critical health needs. This pattern of misconduct reflects a widespread custom or practice that constitutes deliberate indifference under Monell.

116.   Defendant SHERIFF ratified the conduct of his employees and demonstrated deliberate indifference by failing to investigate credible reports of denial of care, failing to discipline the involved officers or medical personnel, and by tolerating the submission of false or misleading use-of-force and medical reports.

117.   As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT V
## BATTERY
### (Brought by Plaintiff DANIEL FELL against Defendant JUSTIN CASTRO)

118.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

119.   This count sets forth claims against Castro for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant SERGEANT JUSTIN CASTRO was acting outside the course and scope of employment with Defendant SHERIFF.

120.   Plaintiff DANIEL FELL is entitled to relief against Defendant SERGEANT JUSTIN CASTRO in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendant intended to batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

121.   Defendant SERGEANT JUSTIN CASTRO acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

122.   As a direct and proximate cause of Defendant's actions, Plaintiff, DANIEL FELL has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT VI
## BATTERY
### (Brought by Plaintiff DANIEL FELL against Defendant JOSHUA TOOLE)

123.  Paragraphs 1 through 90 are realleged and incorporated herein by reference.

124.  This count sets forth claims against Toole for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant SERGEANT JOSHUA TOOLE was acting outside the course and scope of employment with Defendant SHERIFF.

125.  Plaintiff, DANIEL FELL is entitled to relief against Defendant SERGEANT JOSHUA TOOLE in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendant intended to batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

126.  Defendant SERGEANT JOSHUA TOOLE acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

127.  As a direct and proximate cause of Defendant's actions, Plaintiff, DANIEL FELL has been damaged, which damages include: grave mental anguish,

pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT VII
### BATTERY
**(Brought by Plaintiff DANIEL FELL against Defendant SHERIFF)**

128.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

129.   This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendants Lieutenant Joshua Toole and Sergeant Justin Castro were acting inside the course and scope of their employment with Defendant SHERIFF.

130.   Plaintiff is entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that Defendants Lieutenant Joshua Toole and Sergeant Justin battered Plaintiff, beat him and caused Plaintiff to sustain injuries. Defendant SHERIFF, through its agents and/or employees, intended to hit, choke, drown and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF, through its agents' and/or employees' touching or contact with Plaintiff without any

justification and in the absence of cause to touch or contact Plaintiff. Defendant SHERIFF intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

131.   Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred.  Defendant SHERIFF ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

132.   The actions by Defendants Lieutenant Joshua Toole and Sergeant Justin were committed as agents of Defendant SHERIFF and were committed within the course and scope of their employment/agency with Defendant SHERIFF.

133.   As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT VIII
### 42 U.S.C. § 1983 – Excessive Force (Monell Liability)
**(By Plaintiff DANIEL FELL against JOSHUA TOOLE and JUSTIN CASTRO)**

134.   Plaintiff DANIEL FELL re-alleges paragraphs 1 through 90 above and incorporates those allegations in this Count. This count is pled in the alternative.

135.   This count sets forth a claim against Defendants for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

136.   Defendants used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause, or lawful authority.

137.   Defendants intended to damage Plaintiff, in that their harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

138.   The Defendants acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

139.   Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

140.   Defendants' misused their power, possessed by virtue of state law and made possible only because of the authority of state law.  The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

141. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

142. The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense and determines a cognizable claim in violation of the Fourth and Fourteenth Amendments.

143. Defendants knew or should have known that their actions against Plaintiff were excessive given the clearly established law.

144. Defendant JOSHUA TOOLE slammed Plaintiff's face into a shower knob without justification, while Defendant JUSTIN CASTRO punched and kicked Plaintiff repeatedly while he lay incapacitated on the floor. The law was settled and clearly established that these actions constituted excessive force under the Fourth and Fourteenth Amendments at the time they occurred.

145. Based upon the facts presented to Defendants and the applicable law, no reasonable person could have concluded that there existed any reasonable cause or legal basis for slamming Plaintiff's face into a shower knob, then hitting and kicking him while he was on the floor. The law was settled and clearly established that the actions of Defendants constituted excessive force under the Fourth and Fourteenth Amendments at the time the acts were engaged in.

146.   The conduct described herein violated clearly established statutory or constitutional rights of which a reasonable person would have known. As such, Defendants are not entitled to qualified immunity.

147.   The actions or inactions of Defendants, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendants knew of and disregarded Plaintiff's rights, and thus Defendants' actions or inactions constituted the use of excessive force in violation of the Fourth Amendment.

148.   Defendants were acting under color of state law at all pertinent times. Their use of excessive force violated the proscription thereof set forth in the Fourth and Fourteenth Amendments. Defendants misused their power, possessed by virtue of state law and made it possible only because of the authority of state law. Defendants are persons under applicable law.

149.   The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights.

150.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and

will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.  Plaintiff is entitled to awards of punitive damages against Defendants under this count.

## COUNT IX
### 42 U.S.C. § 1983 – Excessive Force (Monell Liability)
**(Brought by Plaintiff DANIEL FELL against Defendant SHERIFF)**

151.   Plaintiff DANIEL FELL re-alleges and incorporates by reference paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

152.   This is an action for deprivation of rights under the Fourth and Fourteenth Amendments to the United States Constitution, brought through 42 U.S.C. § 1983, against Defendant SHERIFF ROBERT JOHNSON, in his official capacity, based on the use of excessive force by his subordinates.

153.   Plaintiff was subjected to excessive, unlawful, and malicious physical force by deputies at the Santa Rosa County Jail, including but not limited to JOSHUA TOOLE and JUSTIN CASTRO, while in pretrial detention and without justification, cause, or lawful authority.

154.   The constitutional violations were the direct result of official customs, policies, and widespread practices condoned and ratified by the Sheriff's Office.

155.   Defendant SHERIFF, acting through final policymakers including himself and Major RANDY TIFFT, maintained and enforced unconstitutional customs or policies by:

- Failing to properly train and supervise jail deputies regarding the lawful use of force;

- Failing to discipline or investigate deputies involved in obvious or repeated incidents of excessive force;

- Encouraging, tolerating, or turning a blind eye to falsified use-of-force reports that materially contradicted the nature and extent of inmate injuries; and

- Ratifying a de facto policy of brutality and abuse by permitting continued employment of deputies who engaged in violence against inmates.

156.   The Sheriff and/or Major Tifft, who was responsible for the operations of the jail, were aware—through injury reports, internal complaints, and obvious physical evidence—of a pattern of excessive force at the jail. Despite this knowledge, they failed to intervene, discipline, or retrain those involved, thereby acting with deliberate indifference to the rights of Plaintiff and others similarly situated.

157.   The Sheriff's Office had notice that its training and supervision practices were inadequate and likely to result in constitutional violations but failed to act to prevent foreseeable harm.

37

158.   The unconstitutional acts committed by Deputies TOOLE and CASTRO against Plaintiff—slamming his head into a shower knob, choking, macing, stomping on him, and inducing drowning—were consistent with the known and tolerated custom of inmate abuse.

159.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## COUNT X
## ASSAULT
### (Brought by Plaintiff DANIEL FELL against Defendant JUSTIN CASTRO)

160.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

161.   This is an action against Defendant SERGEANT JUSTIN CASTRO. This Count is pled in the alternative and SERGEANT JUSTIN CASTRO was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

162.  Defendant intentionally and unlawfully offered corporal injury to Plaintiff, DANIEL FELL, by force or exertion of force directed toward Plaintiff.

163.  Defendant created a reasonable fear of imminent peril through the affirmative act  of choking and attempting to Plaintiff, DANIEL FELL.

164.  Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

165.  As a direct and proximate result of Defendant's conduct described above, Plaintiff, DANIEL FELL, has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

## COUNT XI
### ASSAULT
**(Brought by Plaintiff DANIEL FELL Against Defendant JOSHUA TOOLE)**

166.  Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

167.  This is an action against Defendant LIEUTENANT JOSHUA TOOLE. This Count is pled in the alternative and LIEUTENANT JOSHUA TOOLE was

acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

168.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, DANIEL FELL, by force or exertion of force directed toward Plaintiff.

169.   Defendant created a reasonable fear of imminent peril through the affirmative act   of raising his hand as though he was about to strike Plaintiff, DANIEL FELL.

170.   Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

171.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, DANIEL FELL has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

**COUNT XII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Brought by Plaintiff DANIEL FELL against Defendants Toole and Castro)**

172.   Paragraphs 1 through 90 are realleged and are incorporated herein by reference.

173.   This count sets forth a claim against Defendants Toole and Castro for intentional infliction of emotional distress. For the purpose of this claim, Defendants Lieutenant JOSHUA TOOLE and JUSTIN CASTRO were acting outside the course and scope of their employment with Defendant SHERIFF. This claim is pled in the alternative.

174.   Defendants Lieutenant Joshua Toole and Sergeant Justin's conduct set forth in part above, included several instances of mistreatment of Plaintiff.  This conduct by Defendants Lieutenant JOSHUA TOOLE and JUSTIN CASTRO constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency.  Defendant's conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe Defendants Lieutenant JOSHUA TOOLE and JUSTIN CASTRO conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe. Defendants JOSHUA TOOLE and JUSTIN CASTRO conduct constitutes the actionable tort of intentional infliction of emotional distress.

175.   Defendants acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

176.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiff was injured and sustained economic damages, including lost

income, lost prestige, bodily injury, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants JOSHUA TOOLE and JUSTIN CASTRO's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiff'' damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future. Plaintiff is entitled to punitive damages under this count.

## COUNT XIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Brought by Plaintiff DANIEL FELL against Defendant SHERIFF)

177.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein by reference.

178.   This count sets forth a claim against all governmental entity, Defendant SHERIFF for negligent infliction of emotional distress resulting from actions herein that are "operational" level decision-making activities. As such, Defendant SHERIFF is not immune from tort liability stemming from these incidents and in accordance with Article X, Section 13 of the Florida Constitution, Defendant SHERIFF  has waived sovereign immunity from liability in these torts. This claim is pled in the alternative.

179.   Defendant SHERIFF's negligent conduct described hereinabove and incorporated into this Count caused severe emotional distress to Plaintiffs.

180.   Plaintiff suffered a physical impact and/or injury as described hereinabove and incorporated into this count, such that they suffered and continue to suffer either or both psychological trauma in the form of severe anxiety, depression, and stress.

181.   As a direct and proximate result of Defendant SHERIFF 's conduct described above, Plaintiff has been damaged, which damages include: emotional distress, mental pain and suffering, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses including attorneys' fees, and other benefits.  These damages have occurred in the past and are permanent and continuing.

## COUNT XIV
### BATTERY
**(Brought by Plaintiff JOEL OKUN against Defendant JOSHUA TOOLE)**

182.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

183.   This count sets forth claims against Toole for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant JOSHUA TOOLE was acting outside the course and scope of employment with Defendant SHERIFF.

184.   Plaintiff JOEL OKUN is entitled to relief against Defendant JOSHUA TOOLE in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

185.   Defendant JOSHUA TOOLE acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

186.   As a direct and proximate cause of Defendant's actions, Plaintiff, JOEL OKUN has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XV
## BATTERY
**(Brought by Plaintiff JOEL OKUN against Defendant JAMES HAZELWOOD)**

187.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

188.   This count sets forth claims against Hazelwood for common law battery.  This count is pled in the alternative, and for the purposes of this count alone, Defendant JAMES HAZELWOOD was acting outside the course and scope of employment with Defendant SHERIFF.

189.   Plaintiff JOEL OKUN is entitled to relief against Defendant JOSHUA TOOLE in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

190.   Defendant JAMES HAZELWOOD acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

191.   As a direct and proximate cause of Defendant's actions, Plaintiff, JOEL OKUN has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XVI
### BATTERY
**(Brought by Plaintiff JOEL OKUN against Defendant BRANDON GIBBS)**

192.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

193.   This count sets forth claims against Gibbs for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant BRANDON GIBBS was acting outside the course and scope of employment with Defendant SHERIFF.

194.  Plaintiff JOEL OKUN is entitled to relief against Defendant BRANDON GIBBS in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter Plaintiff.   This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

195.  Defendant BRANDON GIBBS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

196.   As a direct and proximate cause of Defendant's actions, Plaintiff, JOEL OKUN has been damaged, which damages include: grave mental anguish, pain and

suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT XVII**
**BATTERY**
**(Brought by Plaintiff JOEL OKUN against Defendant JEREMY ODOM)**

197.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

198.   This count sets forth claims against Odom for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant JEREMY ODOM was acting outside the course and scope of employment with Defendant SHERIFF.

199.   Plaintiff JOEL OKUN is entitled to relief against Defendant JEREMY ODOM in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

200.   Defendant JEREMY ODOM acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

201.   As a direct and proximate cause of Defendant's actions, Plaintiff, JOEL OKUN has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XVIII
## BATTERY
### (Brought by Plaintiff JOEL OKUN against Defendant SHERIFF)

202.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

203.   This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendants TOOLE, HAZELWOOD, GIBBS, AND ODOM were acting inside the course and scope of employment with Defendant SHERIFF.

204.   Plaintiff is entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, Defendant, without justification or the Plaintiffs' consent, touched Plaintiffs' person in an offensive and harmful manner, in

Defendants TOOLE, HAZELWOOD, GIBBS, AND ODOM battered Plaintiff, beat them and caused Plaintiffs to sustain injuries. Defendant SHERIFF, through its agents and/or employees, intended to hit, choke, drown and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF, through its agents' and/or employees' touching or contact with Plaintiffs without any justification and in the absence of cause to touch or contact Plaintiffs. Defendant SHERIFF intended to cause harm to Plaintiffs or knew or should've known there was substantial certainty that harm would occur.

205. Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred. Defendant SHERIFF ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

206. The actions by Defendants Lieutenant Joshua Toole and Sergeant Justin were committed as an agent of Defendant SHERIFF and were committed within the course and scope of his employment/agency with Defendant SHERIFF.

207. As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the

loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT XIX**
**42 U.S.C. § 1983 – Excessive Force**
**(By Plaintiff JOEL OKUN against Defendants TOOLE, HAZELWOOD, GIBBS, and ODOM)**

208. Plaintiff JOEL OKUN re-alleges paragraphs 1 through 90 and incorporates those allegations by reference. This count is pled in the alternative.

209. This count asserts a claim under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution based on excessive force used against Plaintiff JOEL OKUN.

210. On or about July 23, 2023, Defendant TOOLE slammed Plaintiff's head into a shower knob with sufficient force to cause internal bleeding and organ trauma.

211. Defendant HAZELWOOD kicked Plaintiff repeatedly in the side and abdomen while he lay on the ground incapacitated and in visible distress.

212. Defendant GIBBS struck Plaintiff multiple times in the torso and legs with a baton or similar object despite Plaintiff offering no resistance.

213. Defendant ODOM, while observing the other officers' conduct, joined in by stomping on Plaintiff's lower back and pulling his arm in a hyperextended position, causing additional injury.

214.   The force used by each Defendant was excessive, applied without justification, and in violation of clearly established constitutional rights.

215.   The above conduct occurred under color of state law and constituted an unlawful seizure and the use of objectively unreasonable force in violation of the Fourth and Fourteenth Amendments.

216.   The actions of each Defendant were willful, wanton, malicious, and in reckless disregard of Plaintiff's federally protected rights.

217.   No reasonable officer could have believed that slamming a detained and compliant individual's head into a fixture, followed by repeated strikes and kicks while restrained or defenseless, was lawful under the circumstances.

218.   Each Defendant knowingly participated in or failed to disengage from the attack, with knowledge that such conduct violated SRSO policy and well-established legal norms prohibiting excessive force.

219.   Defendants are not entitled to qualified immunity as their actions violated clearly established law and no reasonable officer would believe such force was lawful under the circumstances.

220.   As a direct and proximate result of Defendants' conduct, Plaintiff JOEL OKUN suffered serious and lasting physical injuries including internal organ damage and blunt force trauma, as well as severe emotional distress, pain, suffering, and loss of capacity for the enjoyment of life.

221.  Plaintiff is entitled to compensatory and punitive damages. Defendants are jointly and severally liable for all resulting harms.

## COUNT XX
### 42 U.S.C. § 1983 – Excessive Force (Monell Liability)
### (Brought by Plaintiff JOEL OKUN against SHERIFF)

222.  Plaintiff JOEL OKUN re-alleges and incorporates paragraphs 1 through 90 as though fully set forth herein. This count is pled in the alternative.

223.  This is a civil rights action under 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's Fourth and Fourteenth Amendment rights arising from the use of excessive force by deputies under his command and control.

224.  Defendant's deputies used excessive force against Plaintiff, including slamming his face into a shower knob, kicking and striking him while he was on the floor, and causing substantial physical and emotional injury—all without legal justification, consent, or authority.

225.  The force used was intentional and malicious, and at minimum, undertaken with deliberate indifference to Plaintiff's federally protected rights.

226.  At all relevant times, Defendant JOHNSON, acting under color of state law, exercised policymaking authority over the Santa Rosa County Jail and was responsible for the actions of deputies operating within the jail facility.

227.    The injuries inflicted upon Plaintiff were the direct result of customs, practices, or policies condoned, ratified, or deliberately ignored by final policymakers including JOHNSON and RANDY TIFFT, the Jail's Chief Deputy.

228.    Defendant JOHNSON, through deliberate indifference or tacit authorization, failed to:

(a) adequately train deputies on the lawful use of force in custodial settings,

(b) implement systems to detect and discipline abusive conduct,

(c) address widespread and obvious discrepancies between use-of-force reports and visible inmate injuries, and

(d) intervene in or correct a culture of excessive force within the jail.

229.    These failures reflect a longstanding pattern of misconduct that was so pervasive and obvious that the need for corrective action was plainly apparent to Defendant and his policymaking subordinates.

230.    By failing to act, JOHNSON and TIFFT ratified the unconstitutional conduct of deputies—including TOOLE, HAZELWOOD, GIBBS, and ODOM— and thereby subjected Plaintiff to brutal and unlawful force in violation of clearly established constitutional law.

231.    The unconstitutional conduct described herein was not an isolated incident, but the foreseeable result of systemic breakdowns in supervision, oversight,

and training, for which Defendant is legally responsible under Monell v. Department of Social Services, 436 U.S. 658 (1978).

232.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

**COUNT XXI**
**<u>ASSAULT</u>**
**(Brought by Plaintiff JOEL OKUN against Defendant TOOLE)**

233.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

234.   This is an action against Defendant SERGEANT JOSHUA TOOLE. This Count is pled in the alternative and SERGEANT JOSHUA TOOLE was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

235.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, JOEL OKUN, by force or exertion of force directed toward Plaintiff.

236.   Defendant created a reasonable fear of imminent peril through the affirmative act   of choking and attempting to Plaintiff, JOEL OKUN.

237.   Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

238.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, JOEL OKUN, has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have occurred in the past, are permanent and continuing.   Plaintiff is entitled to punitive damages.

## COUNT XXII
### ASSAULT
**(Brought by Plaintiff JOEL OKUN Against Defendant JAMES HAZELWOOD)**

239.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

240.   This is an action against Defendant LIEUTENANT JAMES HAZELWOOD. This Count is pled in the alternative and LIEUTENANT JAMES HAZELWOOD was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

241.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, JOEL OKUN, by force or exertion of force directed toward Plaintiff.

242.   Defendant created a reasonable fear of imminent peril through the affirmative act   of raising his hand as though he was about to strike Plaintiff, JOEL OKUN.

243.   Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

244.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, JOEL OKUN has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have occurred in the past, are permanent and continuing.   Plaintiff is entitled to punitive damages.

**COUNT XXIII**
**ASSAULT**
**(Brought by Plaintiff JOEL OKUN against Defendant GIBBS)**

245.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

246.   This is an action against Defendant BRANDON GIBBS.  This Count is pled in the alternative and SERGEANT BRANDON GIBBS was acting outside the

course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

247.  Defendant intentionally and unlawfully offered corporal injury to Plaintiff, JOEL OKUN, by force or exertion of force directed toward Plaintiff.

248.  Defendant created a reasonable fear of imminent peril through the affirmative act  of choking and attempting to Plaintiff, JOEL OKUN.

249.  Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

250.  As a direct and proximate result of Defendant's conduct described above, Plaintiff, JOEL OKUN, has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

## COUNT XXIV
## ASSAULT
**(Brought by Plaintiff JOEL OKUN Against Defendant JEREMY ODOM)**

251.  Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

252.   This is an action against Defendant JEREMY ODOM. This Count is pled in the alternative and Defendant JEREMY ODOM was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

253.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, JOEL OKUN, by force or exertion of force directed toward Plaintiff.

254.   Defendant created a reasonable fear of imminent peril through the affirmative act   of raising his hand as though he was about to strike Plaintiff, JOEL OKUN.

255.   Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

256.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, JOEL OKUN has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

**COUNT XXV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Brought by Plaintiff JOEL OKUN against Defendants TOOLE,**
**HAZELWOOD, GIBBS and ODOM)**

257.   Paragraphs 1 through 90 are realleged and are incorporated herein by reference.

258.   This count sets forth a claim against Defendants Toole, Hazelwood, Gibbs and Odom for intentional infliction of emotional distress. For the purpose of this claim, Defendants TOOLE, HAZELWOOD, GIBBS, AND ODOM were acting outside the course and scope of their employment with Defendant SHERIFF. This claim is pled in the alternative.

259.   Defendants Lieutenant TOOLE, HAZELWOOD, GIBBS, AND ODOM's conduct set forth in part above, included several instances of mistreatment of Plaintiff.  This conduct by Defendants TOOLE, HAZELWOOD, GIBBS, AND ODOM constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendant's conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe Defendants Lieutenant TOOLE, HAZELWOOD, GIBBS, AND ODOM conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe. Defendants TOOLE, HAZELWOOD, GIBBS, AND ODOM conduct constitutes the actionable tort of intentional infliction of emotional distress.

260.   These actions by Defendant TOOLE, HAZELWOOD, GIBBS, AND ODOM were made in bad faith and with a malicious purpose and with a willful disregard for Plaintiffs' rights.

261.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiffs were injured and sustained economic damages, including lost income, lost prestige, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants J TOOLE, HAZELWOOD, GIBBS, AND ODOM's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.  Plaintiffs' damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future. Plaintiffs are entitled to punitive damages under this count.

## COUNT XXVI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Brought by Plaintiff JOEL OKUN against Defendant SHERIFF)

262.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein by reference.

263.   This count sets forth a claim against all governmental entity, Defendant SHERIFF for negligent infliction of emotional distress resulting from actions herein that are "operational" level decision-making activities.  As such, Defendant

SHERIFF is not immune from tort liability stemming from these incidents and in accordance with Article X, Section 13 of the Florida Constitution, Defendant SHERIFF has waived sovereign immunity from liability in these torts. This claim is pled in the alternative.

264.   Defendant SHERIFF's negligent conduct described hereinabove and incorporated into this Count caused severe emotional distress to Plaintiffs.

265.  Plaintiff suffered a physical impact and/or injury as described hereinabove and incorporated into this count, such that they suffered and continue to suffer either or both psychological trauma in the form of severe anxiety, depression, and stress.

266.   As a direct and proximate result of Defendant SHERIFF 's conduct described above, Plaintiff has been damaged, which damages include: emotional distress, mental pain and suffering, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses including attorneys' fees, and other benefits.  This damage has occurred in the past and are permanent and continuing.

## COUNT XXVII
### BATTERY
**(Brought by Plaintiff DUSTIN BREWER against Defendant O'NEIL)**

267.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

268.   This count sets forth claims against the O'Neil for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant was acting outside the course and scope of employment with Defendant SHERIFF.

269.   Plaintiff DUSTIN BREWER is entitled to relief against Defendant O'NEIL in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

270.   Defendant O'NEIL acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

271.   As a direct and proximate cause of Defendant's actions, Plaintiff, DUSTIN BREWER has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XXVIII
## BATTERY
### (Brought by Plaintiff DUSTIN BREWER against Defendant JOSHUA TOOLE)

272. Paragraphs 1 through 90 are realleged and incorporated herein by reference.

273. This count sets forth claims against Toole for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant JOSHUA TOOLE was acting outside the course and scope of employment with Defendant SHERIFF.

274. Plaintiff DUSTIN BREWER is entitled to relief against Defendant JOSHUA TOOLE in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendant intended to batter Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendant without any justification. Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

275. Defendant JOSHUA TOOLE acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

276. As a direct and proximate cause of Defendant's actions, Plaintiff, DUSTIN BREWER has been damaged, which damages include: grave mental

anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT XXIX**
**BATTERY**
**(Brought by Plaintiff DUSTIN BREWER against Defendant SHERIFF)**

277. Paragraphs 1 through 90 are realleged and incorporated herein by reference.

278. This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendants TOOLE, O'NEIL, and an unknown officer were acting inside the course and scope of employment with Defendant SHERIFF.

279. Plaintiff is entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, Defendant, without justification or the Plaintiffs' consent, touched Plaintiffs' person in an offensive and harmful manner, in Defendants TOOLE and O'NEIL, battered Plaintiff, beat them and caused Plaintiffs to sustain injuries. Defendant SHERIFF, through its agents and/or employees, intended to hit, choke, drown and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF, through its agents' and/or employees' touching or contact with Plaintiffs without any justification and in the

absence of cause to touch or contact Plaintiffs. Defendant SHERIFF intended to cause harm to Plaintiffs or knew or should've known there was substantial certainty that harm would occur.

280.   Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred.   Defendant SHERIFF ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

281.   The actions by Defendants TOOLE and O'NEIL were committed as an agent of Defendant SHERIFF and were committed within the course and scope of his employment/agency with Defendant SHERIFF.

282.   As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XXX
### 42 U.S.C. § 1983 – Excessive Force
**(By Plaintiff DUSTIN BREWER against TOOLE, O'NEIL, and an unknown officer thought to be named SONAVICH)**

283.   Plaintiff DUSTIN BREWER re-alleges paragraphs 1 through 90 above and incorporates those allegations in this Count. This count is pled in the alternative.

284.   This count sets forth a claim under 42 U.S.C. § 1983 against Defendants TOOLE, O'NEIL, and an unknown officer thought to be named SONAVICH for violations of the Fourth and Fourteenth Amendments of the U.S. Constitution based on the use of excessive force.

285.   Defendant TOOLE slammed Plaintiff's face into a shower knob while Plaintiff was handcuffed or otherwise subdued, causing immediate cranial injury.

286.   Defendant O'NEIL struck Plaintiff in the back and ribs while he lay curled on the floor after the initial impact, exacerbating Plaintiff's injuries.

287.   The unknown deputy kicked Plaintiff repeatedly in the legs and side while laughing, despite Plaintiff showing no resistance and clearly in distress.

288.   Each Defendant's acts were intentional, unnecessary, and applied maliciously to cause harm, and not in furtherance of any lawful penological objective.

289.   The force used by each Defendant was excessive, objectively unreasonable, and clearly unlawful under well-established constitutional precedent.

290.   Defendants acted jointly and severally and in concert to violate Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

291.   Each Defendant misused the power entrusted to them by the state and acted under color of state law in depriving Plaintiff of his clearly established rights.

292.   At the time of the events, it was clearly established law that such force against a restrained or non-resisting detainee was unlawful. No reasonable officer could believe otherwise.

293.   Defendants are not entitled to qualified immunity. Their conduct was so egregious and blatantly unconstitutional that any reasonable officer would have known it violated clearly established law.

294.   As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injury, emotional distress, humiliation, and long-term trauma. Plaintiff is entitled to compensatory and punitive damages.

## COUNT XXXI
## 42 U.S.C. § 1983 – Excessive Force (Monell Liability)
### (Brought by Plaintiff DUSTIN BREWER against SHERIFF)

295.   Plaintiff DUSTIN BREWER re-alleges and incorporates paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

296.   This is a civil rights claim brought pursuant to 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's Fourth and Fourteenth Amendment rights arising from the unlawful use of excessive force by deputies under his supervision and command.

297.   Defendant's deputies used excessive force against Plaintiff—including slamming his head into a shower knob, then punching and kicking him while he lay

on the floor—without legal justification, consent, or necessity. The assault was severe, malicious, and plainly unconstitutional.

298.  Defendant's deputies acted with actual malice or with deliberate indifference to Plaintiff's clearly established rights under the U.S. Constitution. Their conduct was both intentional and substantially certain to inflict injury.

299.  At all relevant times, Defendant JOHNSON acted under color of state law and exercised final policymaking authority with respect to jail operations, including use-of-force policies, training, supervision, and discipline of officers.

300.  Defendant JOHNSON and RANDY TIFFT, as the Jail's Chief Deputy and policymaker, were deliberately indifferent to an entrenched and obvious custom, pattern, and practice of excessive force against inmates—particularly those, like Plaintiff, housed in vulnerable custodial conditions.

301.  This unlawful pattern was perpetuated by the repeated failure to discipline or retrain officers who filed facially false use-of-force reports contradicted by visible injuries. Defendant was on actual notice of this pattern and failed to intervene.

302.  Defendant JOHNSON failed to adequately train, supervise, and discipline deputies, including but not limited to Defendants TOOLE, and O'NEIL, resulting in systemic brutality that caused foreseeable harm to Plaintiff and others similarly situated.

303.   The policies, practices, and customs at issue were so widespread and persistent that they effectively constituted official policy. Defendant JOHNSON ratified the conduct either through inaction or through direct approval of the force used.

304.   The violations alleged herein were a foreseeable and direct result of Defendant's failure to enforce lawful conduct among jail deputies and to protect inmates from clearly excessive, punitive, and degrading force.

305.   Defendant's conduct reflects deliberate indifference to the constitutional rights of Plaintiff, in violation of Monell v. Dep't of Social Services, 436 U.S. 658 (1978), and the Fourth and Fourteenth Amendments.

306.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## COUNT XXXII
## ASSAULT
**(Brought by Plaintiff DUSTIN BREWER against Defendant TOOLE)**

307.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

308.   This is an action against Defendant SERGEANT JOSHUA TOOLE. This Count is pled in the alternative and SERGEANT JOSHUA TOOLE was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

309.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, DUSTIN BREWER, by force or exertion of force directed toward Plaintiff.

310.   Defendant created a reasonable fear of imminent peril through the affirmative act   of choking and attempting to Plaintiff, DUSTIN BREWER.

311.   Defendant JOSHUA TOOLE acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

312.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, DUSTIN BREWER, has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages

have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

## COUNT XXXIII
### ASSAULT
**(Brought by Plaintiff DUSTIN BREWER Against Defendant O'NEIL)**

313.    Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

314.    This is an action against Defendant O'NEIL. This Count is pled in the alternative and Defendant ONEIL was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

315.    Defendant intentionally and unlawfully offered corporal injury to Plaintiff, DUSTIN BREWER, by force or exertion of force directed toward Plaintiff.

316.    Defendant created a reasonable fear of imminent peril through the affirmative act   of raising his hand as though he was about to strike Plaintiff, DUSTIN BREWER.

317.    Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

318.    As a direct and proximate result of Defendant's conduct described above, Plaintiff, DUSTIN BREWER has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental

anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages.

**COUNT XXXIV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Brought by Plaintiff DUSTIN BREWER against Defendants Toole and O'Neil)**

319.   Paragraphs 1 through 90 are realleged and are incorporated herein by reference.

320.   This count sets forth a claim against Defendants Toole and O'Neil for intentional infliction of emotional distress. For the purpose of this claim, Defendants TOOLE, O'NEIL, and other deputies/officers including an officer believed to be named SONAVICH were acting outside the course and scope of their employment with Defendant SHERIFF. This claim is pled in the alternative.

321.   Defendants TOOLE and O'NEIL's conduct, together with other deputies, set forth in part above, included several instances of mistreatment of Plaintiff. This conduct by Defendants TOOLE and O'NEIL, constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendant's conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe Defendants TOOLE and O'NEIL, conduct was the proximate cause of Plaintiffs'

emotional distress and Plaintiffs' emotional distress was severe. Defendants TOOLE and O'NEIL's, conduct constitutes the actionable tort of intentional infliction of emotional distress.

322.   Defendants acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

323.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiffs were injured and sustained economic damages, including lost income, lost prestige, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants TOOLE, and O'NEIL's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiffs' damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future.  Plaintiffs are entitled to punitive damages under this count.

## COUNT XXXV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Brought by Plaintiff DUSTIN BREWER against Defendant SHERIFF)**

324.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein by reference.

325. This count sets forth a claim against all governmental entity, Defendant SHERIFF for negligent infliction of emotional distress resulting from actions herein that are "operational" level decision-making activities. As such, Defendant SHERIFF is not immune from tort liability stemming from these incidents and in accordance with Article X, Section 13 of the Florida Constitution, Defendant SHERIFF has waived sovereign immunity from liability in these torts. This claim is pled in the alternative.

326. Defendant SHERIFF's negligent conduct described hereinabove and incorporated into this Count caused severe emotional distress to Plaintiffs.

327. Plaintiff suffered a physical impact and/or injury as described hereinabove and incorporated into this count, such that they suffered and continue to suffer either or both psychological trauma in the form of severe anxiety, depression, and stress.

328. As a direct and proximate result of Defendant SHERIFF 's conduct described above, Plaintiff has been damaged, which damages include: emotional distress, mental pain and suffering, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses including attorneys' fees, and other benefits. This damage has occurred in the past and are permanent and continuing.

## COUNT XXXVI
## BATTERY
**(Brought by Plaintiff SERGIO WILLIAMS against Defendant RAUGHT)**

329.  Paragraphs 1 through 90 are realleged and incorporated herein by reference.

330.  This count sets forth claims against Raught for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant OFFICER RAUGHT was acting outside the course and scope of employment with Defendant SHERIFF.

331.  Plaintiff SERGIO WILLIAMS is entitled to relief against Defendant OFFICER RAUGHT in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

332.  Defendant OFFICER RAUGHT acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

333.  As a direct and proximate cause of Defendant's actions, Plaintiff, SERGIO WILLIAMS has been damaged, which damages include: grave mental

anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT XXXVII**
**BATTERY**
**(Brought by Plaintiff SERGIO WILLIAMS against Defendant POLK)**

334.    Paragraphs 1 through 90 are realleged and incorporated herein by reference.

335.    This count sets forth claims against Polk for common law battery. This count is pled in the alternative, and for the purposes of this count alone, Defendant OFFICER POLK was acting outside the course and scope of employment with Defendant SHERIFF.

336.    Plaintiff, SERGIO WILLIAMS is entitled to relief against Defendant OFFICER POLK in that Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendant intended to batter the Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendant without any justification. Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

337.   Defendant OFFICER POLK acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

338.   As a direct and proximate cause of Defendant's actions, Plaintiff, SERGIO WILLIAMS has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

### COUNT XXXVIII
### BATTERY
### (Brought by Plaintiff SERGIO WILLIAMS against Defendant SHERIFF)

339.   Paragraphs 1 through 90 are realleged and incorporated herein by reference.

340.   This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendants POLK and RAUGHT were acting inside the course and scope of employment with Defendant SHERIFF.

341.   Plaintiffs are entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, Defendant, without justification or the Plaintiffs' consent, touched Plaintiffs' person in an offensive and harmful manner, in Defendants POLK and RAUGHT battered Plaintiffs, beat them and caused Plaintiffs to sustain injuries.   Defendant SHERIFF, through its agents and/or

employees, intended to hit, choke, drown and otherwise batter Plaintiffs.  This unlawful touching was also accomplished by Defendant SHERIFF, through its agents' and/or employees' touching or contact with Plaintiffs without any justification and in the absence of cause to touch or contact Plaintiffs. Defendant SHERIFF intended to cause harm to Plaintiffs or knew or should've known there was substantial certainty that harm would occur.

342.   Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred.  Defendant SHERIFF ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

343.   The actions by Defendants POLK and RAUGHT were committed as an agent of Defendant SHERIFF and were committed within the course and scope of his employment/agency with Defendant SHERIFF.

344.   As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT XXXIX
## 42 U.S.C. § 1983 – Excessive Force
### (By Plaintiff SERGIO WILLIAMS against POLK and RAUGHT)

345. Plaintiff SERGIO WILLIAMS re-alleges paragraphs 1 through 90 above and incorporates those allegations in this Count. This count is pled in the alternative.

346. This count sets forth a claim against Defendants for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

347. Defendants used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause, or lawful authority.

348. Defendants intended to damage Plaintiff, in that their harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

349. The Defendants acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

350. Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

351.   Defendants' misused their power, possessed by virtue of state law and made possible only because of the authority of state law.  The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

352.   The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

353.   The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a criminal offense and determines a cognizable claim in violation of the Fourth and Fourteenth Amendments.

354.   Defendants knew or should have known that their actions against Plaintiff were excessive given the clearly established law.

355.   Defendant RAUGHT discharged chemical agents into Plaintiff's face without justification, and continued to escalate the situation by knocking Plaintiff to the ground, causing his mouth to bleed. Defendant POLK and another unknown officer then purposefully took Plaintiff to the showers and repeatedly tortured him by waterboarding him with hot water while he was strapped into a restraint chair. The law was settled and clearly established that these actions constituted excessive force under the Fourth and Fourteenth Amendments at the time they occurred.

356.    Based upon the facts presented to Defendants and the applicable law, no reasonable person could have concluded that there existed any reasonable cause or legal basis for spraying Plaintiff three times, then waterboarding him while he was strapped into a restraint chair. The law was settled and clearly established that the actions of Defendants constituted excessive force under the Fourth and Fourteenth Amendments at the time the acts were engaged in.

357.    The conduct described herein violated clearly established statutory or constitutional rights of which a reasonable person would have known. As such, Defendants are not entitled to qualified immunity.

358.    The actions or inactions of Defendants, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendants knew of and disregarded Plaintiff's rights, and thus Defendants' actions or inactions constituted the use of excessive force in violation of the Fourth Amendment.

359.    Defendants were acting under color of state law at all pertinent times. Their use of excessive force violated the proscription thereof set forth in the Fourth and Fourteenth Amendments. Defendants misused their power, possessed by virtue of state law and made it possible only because of the authority of state law. Defendants are persons under applicable law.

360.   The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights.

361.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.  Plaintiff is entitled to awards of punitive damages against Defendant  under this count.

## COUNT  XL
### 42 U.S.C. § 1983 – Excessive Force (Monell Liability)
**(Brought by Plaintiff SERGIO WILLIAMS against Defendant SHERIFF)**

362.   Plaintiff SERGIO WILLAIMS re-alleges and incorporates by reference paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

363.   This is an action for deprivation of rights under the Fourth and Fourteenth Amendments to the United States Constitution, brought through 42 U.S.C. § 1983, against Defendant SHERIFF ROBERT JOHNSON, in his official capacity, based on the use of excessive force by his subordinates.

364.   Plaintiff was subjected to excessive, unlawful, and malicious physical force by deputies at the Santa Rosa County Jail, including but not limited to Officer POLK and OFFICER RAUGHT, while in pretrial detention and without justification, cause, or lawful authority.

365.   The constitutional violations were the direct result of official customs, policies, and widespread practices condoned and ratified by the Sheriff's Office.

366.   Defendant SHERIFF, acting through final policymakers including himself and Major RANDY TIFFT, maintained and enforced unconstitutional customs or policies by:

- Failing to properly train and supervise jail deputies regarding the lawful use of force;

- Failing to discipline or investigate deputies involved in obvious or repeated incidents of excessive force;

- Encouraging, tolerating, or turning a blind eye to falsified use-of-force reports that materially contradicted the nature and extent of inmate injuries; and

- Ratifying a de facto policy of brutality and abuse by permitting continued employment of deputies who engaged in violence against inmates.

367.   The Sheriff and/or Major Tifft, who was responsible for the operations of the jail, were aware—through injury reports, internal complaints, and obvious physical evidence—of a pattern of excessive force at the jail. Despite this

knowledge, they failed to intervene, discipline, or retrain those involved, thereby acting with deliberate indifference to the rights of Plaintiff and others similarly situated.

368.    The Sheriff's Office had notice that its training and supervision practices were inadequate and likely to result in constitutional violations but failed to act to prevent foreseeable harm.

369.    The unconstitutional acts committed by Deputies RAUGHT and POLK against Plaintiff—slamming him into the ground, , macing, and inducing drowning through waterboarding—were consistent with the known and tolerated custom of inmate abuse.

370.    As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## COUNT XLI
## ASSAULT
**(Brought by Plaintiff SERGIO WILLIAMS against Defendant RAUGHT)**

371.    Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

372.    This is an action against Defendant RAUGHT.  This Count is pled in the alternative and Defendant RAUGHT was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

373.    Defendant intentionally and unlawfully offered corporal injury to Plaintiff, SERGIO WILLIAMS, by force or exertion of force directed toward Plaintiff.

374.    Defendant created a reasonable fear of imminent peril through the affirmative act   of choking and attempting to Plaintiff, SERGIO WILLIAMS.

375.    Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

376.    As a direct and proximate result of Defendant's conduct described above, Plaintiff, SERGIO WILLIAMS, has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages

have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

**COUNT XLII**
**ASSAULT**
**(Brought by Plaintiff SERGIO WILLIAMS Against Defendant POLK)**

377.   Paragraphs 1 through 90 are re-alleged and incorporated herein by reference.

378.   This is an action against Defendant POLK.  This Count is pled in the alternative and Defendant POLK was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

379.   Defendant intentionally and unlawfully offered corporal injury to Plaintiff, SERGIO WILLIAMS, by force or exertion of force directed toward Plaintiff.

380.   Defendant created a reasonable fear of imminent peril through the affirmative act of raising his hand as though he was about to strike Plaintiff, SERGIO WILLIAMS.

381.   Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

382.   As a direct and proximate result of Defendant's conduct described above, Plaintiff, SERGIO WILLIAMS, has suffered emotional distress, mental pain

and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

### COUNT XLIII
### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
**(Brought by Plaintiff SERGIO WILLIAMS against Defendants Polk and Raught)**

383.  Paragraphs 1 through 90 are realleged and are incorporated herein by reference.

384.  This count sets forth a claim against Defendants Polk and Raught for intentional infliction of emotional distress. For the purpose of this claim, Defendants Officer POLK and Officer RAUGHT were acting outside the course and scope of their employment with Defendant SHERIFF. This claim is pled in the alternative.

385.  Defendants POLK and RAUGHT's conduct set forth in part above, included several instances of mistreatment of Plaintiff.  This conduct by Defendants POLK and RAUGHT constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendant's conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs' emotional distress was severe Defendants POLK and RAUGHT's conduct was the proximate cause of Plaintiffs' emotional distress and Plaintiffs'

emotional distress was severe. Defendants POLK and RAUGHT conduct constitutes the actionable tort of intentional infliction of emotional distress.

386.   These actions by Defendant POLK and RAUGHT were made in bad faith and with a malicious purpose and with a willful disregard for Plaintiffs' rights.

387.   As a direct and proximate result of the above unlawful acts and omissions, Plaintiffs were injured and sustained economic damages, including lost income, lost prestige, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants POLK and RAUGHT's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiffs' damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future.  Plaintiffs are entitled to punitive damages under this count.

## COUNT XLIV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Brought by Plaintiff SERGIO WILLIAMS against Defendant SHERIFF)

388.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein by reference.

389.   This count sets forth a claim against all governmental entity, Defendant SHERIFF for negligent infliction of emotional distress resulting from actions herein

that are "operational" level decision-making activities. As such, Defendant SHERIFF is not immune from tort liability stemming from these incidents and in accordance with Article X, Section 13 of the Florida Constitution, Defendant SHERIFF  has waived sovereign immunity from liability in these torts. This claim is pled in the alternative.

390.   Defendant SHERIFF's negligent conduct described hereinabove and incorporated into this Count caused severe emotional distress to Plaintiffs.

391.  Plaintiff suffered a physical impact and/or injury as described hereinabove and incorporated into this count, such that they suffered and continue to suffer either or both psychological trauma in the form of severe anxiety, depression, and stress.

392.   As a direct and proximate result of Defendant SHERIFF 's conduct described above, Plaintiff has been damaged, which damages include: emotional distress, mental pain and suffering, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses including attorneys' fees, and other benefits.  These damages have occurred in the past and are permanent and continuing.

**COUNT XLV**
**FOURTH AMENDMENT – FAILURE TO INTERVENE**
**(Brought by Plaintiff DANIEL FELL against SHERIFF)**

393.   Plaintiff DANIEL FELL re-alleges and incorporates paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

394.   This count is brought pursuant to 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's rights under the Fourth Amendment arising from the failure of jail deputies to intervene in the use of excessive force against him.

395.   At all relevant times, Defendant JOHNSON was the final policymaker over the Santa Rosa County Jail and Sheriff's Office. His deputies—including but not limited to those present during the assault of Plaintiff—acted under color of state law and pursuant to customs, policies, and practices sanctioned by the Sheriff's Office.

396.   Deputies under the supervision of Defendant JOHNSON were present and witnessed Defendants TOOLE and CASTRO apply objectively unreasonable and excessive force to Plaintiff DANIEL FELL.

397.   Despite having a realistic opportunity to intervene and prevent or mitigate the force being used, Defendant's deputies failed to take any action. These deputies had sufficient proximity, authority, and physical capability to stop or interrupt the ongoing assault.

398. The failure to intervene was knowing, intentional, and in direct violation of clearly established constitutional law and agency policy.

399. This failure reflects not only individual negligence, but a broader pattern of deliberate indifference within the Sheriff's Office, where deputies routinely ignored their duty to prevent constitutional violations committed in their presence.

400. Final policymakers—including Defendant JOHNSON and Jail Chief RANDY TIFFT—were aware of similar failures to intervene across the facility and chose not to retrain or discipline those involved. Their failure to address this breakdown ratified the behavior and allowed it to continue unchecked.

401. The use of excessive force by TOOLE and CASTRO was unlawful, clearly established as such, and unjustified by any safety, disciplinary, or custodial rationale. Any reasonable officer would have known intervention was required.

402. As a direct and proximate result of Defendant SHERIFF's employees' failure to take any steps to intervene, Plaintiff DANIEL FELL suffered damages in the form of severe physical injuries and emotional harm.

403. The failure to intervene by deputies under Defendant JOHNSON's supervision was the result of systemic failure, custom, or deliberate indifference, and thus constitutes a Monell violation actionable under 42 U.S.C. § 1983.

## COUNT XLVI
## FOURTH AMENDMENT – FAILURE TO INTERVENE
### (Brought by Plaintiff JOEL OKUN against SHERIFF)

404.   Plaintiff JOEL OKUN re-alleges and incorporates paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

405.   This count is brought pursuant to 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's rights under the Fourth Amendment arising from the failure of jail deputies to intervene in the use of excessive force against him.

406.   Defendant JOHNSON was the final policymaker over the Santa Rosa County Jail and Sheriff's Office. Deputies under his supervision acted under color of state law and pursuant to customs, policies, or deliberate indifference sanctioned by his office.

407.   Deputies employed by Defendant JOHNSON were present and personally witnessed Defendants TOOLE, HAZELWOOD, GIBBS, and ODOM use excessive force on Plaintiff JOEL OKUN.

408.   These deputies had a realistic opportunity to prevent, stop, or mitigate the excessive force being used. They were in close proximity, had sufficient authority, and possessed the physical and supervisory ability to intervene.

409.   Despite this, the deputies took no action. Their failure to intervene was knowing, willful, and in violation of clearly established constitutional law.

410. The force applied by TOOLE, HAZELWOOD, GIBBS, and ODOM was unjustified, in clear violation of jail policy and established law, and not subject to qualified immunity.

411. The repeated failure of deputies to intervene in such instances reflects a widespread custom, practice, or policy within the Santa Rosa County Jail, condoned or ignored by final policymakers, including Sheriff JOHNSON and Jail Chief RANDY TIFFT.

412. These policymakers failed to supervise, retrain, or discipline deputies despite knowing about repeated excessive force incidents and falsified reports, thereby ratifying the unlawful conduct and encouraging its repetition.

413. As a direct and proximate result of Defendant JOHNSON's customs, policies, or deliberate indifference—and his deputies' failure to intervene—Plaintiff JOEL OKUN sustained serious physical injury, emotional distress, pain and suffering, and mental anguish.

414. Defendant JOHNSON is liable under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), and Plaintiff seeks compensatory damages, costs, and attorneys' fees under 42 U.S.C. § 1988, and all other relief deemed just and proper.

## COUNT XLVII
## FOURTH AMENDMENT – FAILURE TO INTERVENE
### (Brought by Plaintiff DUSTIN BREWER against SHERIFF)

415.   Plaintiff DUSTIN BREWER re-alleges and incorporates paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

416.   This cause of action is brought pursuant to 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's clearly established Fourth Amendment rights resulting from deputies' failure to intervene during the unlawful use of excessive force.

417.   Defendant JOHNSON was the final policymaker for the Santa Rosa County Sheriff's Office and Jail. His deputies acted under color of state law and pursuant to official policies, customs, and deliberate indifference condoned by the Sheriff's Office.

418.   Deputies employed by Defendant JOHNSON were present and personally observed Defendants TOOLE, O'NEIL, and SONAVICH unlawfully use excessive force on Plaintiff BREWER.

419.   The observing deputies had a realistic opportunity and the legal authority to prevent or stop the excessive force from continuing. They were physically present, had sufficient rank and capability, and could have intervened without endangering themselves or others.

420.    Despite this, those deputies intentionally chose not to act and instead allowed the abuse to continue, thereby violating Plaintiff's clearly established constitutional rights.

421.    The deputies' failure to intervene constituted deliberate indifference to Plaintiff's safety and was the result of either a widespread custom of tolerating excessive force or a complete failure to train and supervise personnel in intervention protocols.

422.    Defendant JOHNSON and Jail Chief RANDY TIFFT were final policymakers who either knew of and failed to correct this unconstitutional pattern or expressly or tacitly ratified the conduct of subordinates. Their failure to investigate and discipline officers responsible for similar misconduct further demonstrates a policy of deliberate indifference.

423.    The excessive force used by TOOLE, O'NEIL, and SONAVICH was unauthorized, in violation of jail policy, and plainly unlawful under well-established precedent. No reasonable officer could have believed the force used was constitutionally permissible.

424.    As a direct and proximate result of the Defendant's unconstitutional customs and his deputies' failure to intervene, Plaintiff BREWER suffered serious bodily injury, psychological trauma, pain and suffering, emotional distress, and related damages.

425.   Defendant JOHNSON is liable pursuant to Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), and Plaintiff BREWER seeks all available damages, including compensatory relief, attorneys' fees under 42 U.S.C. § 1988, and such other relief deemed just and proper.

## COUNT XLVIII
## FOURTH AMENDMENT – FAILURE TO INTERVENE
### (Brought by Plaintiff SERGIO WILLIAMS against SHERIFF)

426.   Plaintiff SERGIO WILLIAMS re-alleges and incorporates paragraphs 1 through 90 as if fully set forth herein. This count is pled in the alternative.

427.   This count is brought pursuant to 42 U.S.C. § 1983 against Defendant JOHNSON, in his official capacity as SHERIFF of SANTA ROSA COUNTY, for violations of Plaintiff's rights under the Fourth Amendment arising from the failure of jail deputies to intervene in the use of excessive force against him.

428.   Defendant JOHNSON was the final policymaker over the Santa Rosa County Jail and Sheriff's Office. Deputies under his supervision acted under color of state law and pursuant to customs, policies, or deliberate indifference sanctioned by his office.

429.   Deputies employed by Defendant JOHNSON were present and personally witnessed Defendants POLK and RAUGHT use excessive force on Plaintiff SERGIO WILLIAMS.

430.   These deputies had a realistic opportunity to prevent, stop, or mitigate the excessive force being used. They were in close proximity, had sufficient authority, and possessed the physical and supervisory ability to intervene.

431.   Despite this, the deputies took no action. Their failure to intervene was knowing, willful, and in violation of clearly established constitutional law.

432.   The force applied by POLK and RAUGHT was unjustified, in clear violation of jail policy and established law, and not subject to qualified immunity.

433.   The repeated failure of deputies to intervene in such instances reflects a widespread custom, practice, or policy within the Santa Rosa County Jail, condoned or ignored by final policymakers, including Sheriff JOHNSON and Jail Chief RANDY TIFFT.

434.   These policymakers failed to supervise, retrain, or discipline deputies despite knowing about repeated excessive force incidents and falsified reports, thereby ratifying the unlawful conduct and encouraging its repetition.

435.   As a direct and proximate result of Defendant JOHNSON's customs, policies, or deliberate indifference—and his deputies' failure to intervene—Plaintiff SERGIO WILLIAMS sustained serious physical injury, emotional distress, pain and suffering, and mental anguish.

436.   Defendant JOHNSON is liable under Monell v. Dep't of Social

Servs., 436 U.S. 658 (1978), and Plaintiff seeks compensatory damages, costs, and

attorneys' fees under 42 U.S.C. § 1988, and all other relief deemed just and proper.

## COUNT XLIX
## FLORIDA LAW CLAIM FOR AIDING AND ABETTING
### (Brought by Plaintiff DANIEL FELL against All Defendants)

437.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein

by reference.

438.   At all times alleged herein, all Defendants were working as sworn

members of the Santa Rosa County Sheriff's Office and held the ranks of Deputy,

Sergeant, or lieutenant.

439.   Defendants TOOLE and CASTRO committed tortious battery against

Plaintiff.

440.   All Defendants aided and abetted other Defendants TOOLE and

CASTRO's batteries on and unlawful conduct against Plaintiff DANIEL FELL by

any of: (i) transporting Plaintiff DANIEL FELL to the Change Out room (a room

without cameras); (ii) failing to submit accurate and comprehensive incident

reports detailing the events which occurred inside the Change Out room; (iii)

failing to report the excessive force used against Plaintiff DANIEL FELL; (iv)

delaying, postponing, or otherwise interfering with the provision of prompt

medical care for injuries resulting from the Assault; (v) physically pinning Plaintiff

DANIEL FELL to the floor to enable more severe forms of force to be used against Plaintiff DANIEL FELL; and (vi) holding open the door to the Change Out room to allow the introduction of additional equipment the sole purpose of which is to deliver a form of force.

441.   Each of these actions by each Defendant was intentional.

442.   Each of these actions by each Defendant was undertaken with the knowledge that their actions were substantially assisting other Defendants in their commission of an unlawful act or acts.

443.   These Defendants acted in clear violation of well-settled law, of which a reasonable person should have been aware, and are not entitled to a good faith defense or qualified immunity defense.

444.   As a proximate result of Defendants' aiding and abetting, Plaintiff DANIEL FELL suffered severe physical injuries and emotional harm.

445.   Plaintiff DANIEL FELL is entitled to damages for this conduct.

446.   This conduct violated Plaintiff's clearly established rights and he is entitled to damages for this conduct.

## COUNT L
## FLORIDA LAW CLAIM FOR AIDING AND ABETTING
### (Brought by Plaintiff JOEL OKUN against All Defendants)

447.   Paragraphs 1 through 90 are hereby re-alleged and incorporated herein by reference

448.   At all times alleged herein, all Defendants were working as sworn members of the Santa Rosa County Sheriff's Office and held the ranks of Deputy, Sergeant, or lieutenant.

449.   Defendants TOOLE, HAZELWOOD, GIBBS, and ODOM committed tortious battery against Plaintiff.

450.   All Defendants aided and abetted Defendants TOOLE, HAZELWOOD, GIBBS, and ODOM's batteries on and unlawful conduct against Plaintiff JOEL OKUN by any of: (i) transporting Plaintiff JOEL OKUN to the Change Out room (a room without cameras); (ii) failing to submit accurate and comprehensive incident reports detailing the events which occurred inside the Change Out room; (iii) failing to report the excessive force used against Plaintiff JOEL OKUN; (iv) delaying, postponing, or otherwise interfering with the provision of prompt medical care for injuries resulting from the Assault; (v) physically pinning Plaintiff JOEL OKUN to the floor to enable more severe forms of force to be used against Plaintiff JOEL OKUN; and (vi) holding open the door to the Change Out room to allow the introduction of additional equipment the sole purpose of which is to deliver a form of force.

451.   Each of these actions by each Defendant was intentional.

452.    Each of these actions by each Defendant was undertaken with the knowledge that their actions were substantially assisting other Defendants in their commission of an unlawful act or acts.

453.    These Defendants acted in clear violation of well-settled law, of which a reasonable person should have been aware, and are not entitled to a good faith defense or qualified immunity defense.

454.    As a proximate result of Defendants' aiding and abetting, Plaintiff JOEL OKUN  suffered severe physical injuries and emotional harm.

455.    Plaintiff JOEL OKUN is entitled to damages for this conduct.

456.    This conduct violated Plaintiff's clearly established rights and he is entitled to damages for this conduct.

## COUNT LI
## FLORIDA LAW CLAIM FOR AIDING AND ABETTING
**(Brought by Plaintiff  DUSTIN BREWER against All Defendants)**

457.    At all times alleged herein, all Defendants were working as sworn members of the Santa Rosa County Sheriff's Office and held the ranks of Deputy, Sergeant, or lieutenant.

458.    Defendants TOOLE, O'NEIL, and SONAVICH committed tortious battery against Plaintiff DUSTIN BREWER.

459.    All Defendants aided and abetted Defendants TOOLE, O'NEIL, and SONAVICH's batteries on and unlawful conduct against Plaintiff DUSTIN

BREWER by any of: (i) transporting Plaintiff DUSTIN BREWER to the Change Out room (a room without cameras); (ii) failing to submit accurate and comprehensive incident reports detailing the events which occurred inside the Change Out room; (iii) failing to report the excessive force used against Plaintiff DUSTIN BREWER; (iv) delaying, postponing, or otherwise interfering with the provision of prompt medical care for injuries resulting from the Assault; (v) physically pinning Plaintiff DUSTIN BREWER to the floor to enable more severe forms of force to be used against Plaintiff DUSTIN BREWER; and (vi) holding open the door to the Change Out room to allow the introduction of additional equipment the sole purpose of which is to deliver a form of force.

460.   Each of these actions by each Defendant was intentional.

461.   Each of these actions by each Defendant was undertaken with the knowledge that their actions were substantially assisting other Defendants in their commission of an unlawful act or acts.

462.   These Defendants acted in clear violation of well-settled law, of which a reasonable person should have been aware, and are not entitled to a good faith defense or qualified immunity defense.

463.   As a proximate result of Defendants' aiding and abetting, Plaintiff DUSTIN BREWER suffered severe physical injuries and emotional harm.

464.   Plaintiff DUSTIN BREWER is entitled to damages for this conduct.

465.   This conduct violated Plaintiff's clearly established rights and he is entitled to damages for this conduct.

**COUNT LII**
**FLORIDA LAW CLAIM FOR AIDING AND ABETTING**
**(Brought by Plaintiff  SERGIO WILLIAMS against All Defendants)**

466.   At all times alleged herein, all Defendants were working as sworn members of the Santa Rosa County Sheriff's Office and held the ranks of Deputy, Sergeant, or lieutenant.

467.   Defendants POLK and RAUGHT committed tortious battery against Plaintiff SERGIO WILLIAMS.

468.   All Defendants aided and abetted Defendants Polk and RAUGHT's batteries on and unlawful conduct against Plaintiff SERGIO WILLIAMS by any of: (i) transporting Plaintiff SERGIO WILLIAMS to the Change Out room (a room without cameras); (ii) failing to submit accurate and comprehensive incident reports detailing the events which occurred inside the Change Out room; (iii) failing to report the excessive force used against Plaintiff SERGIO WILLIAMS; (iv) delaying, postponing, or otherwise interfering with the provision of prompt medical care for injuries resulting from the Assault; (v) physically pinning Plaintiff SERGIO WILLIAMS to the floor to enable more severe forms of force to be used against Plaintiff SERGIO WILLIAMS; and (vi) holding open the door to the

Change Out room to allow the introduction of additional equipment the sole purpose of which is to deliver a form of force.

469.   Each of these actions by each Defendant was intentional.

470.   Each of these actions by each Defendant was undertaken with the knowledge that their actions were substantially assisting other Defendants in their commission of an unlawful act or acts.

471.   These Defendants acted in clear violation of well-settled law, of which a reasonable person should have been aware, and are not entitled to a good faith defense or qualified immunity defense.

472.   As a proximate result of Defendants' aiding and abetting, Plaintiff SERGIO WILLIAMS suffered severe physical injuries and emotional harm.

473.   Plaintiff SERGIO WILLIAMS is entitled to damages for this conduct.

474.   This conduct violated Plaintiff's clearly established rights and he is entitled to damages for this conduct.

## COUNT LIII
### 42 U.S.C. § 1983 – Conspiracy to Violate Civil Rights
### (Brought by all Plaintiffs against all Defendants)

475.   Plaintiffs re-allege paragraphs 1 through 90 above and incorporate those allegations herein. This Count is pled in the alternative.

476.   This count sets forth a claim under 42 U.S.C. § 1983 for conspiracy to violate Plaintiffs' clearly established constitutional rights under the Fourth and Fourteenth Amendments.

477.   Defendants TOOLE, HAZELWOOD, GIBBS, ODOM, O'NEIL, SONAVICH, POLK, and RAUGHT were acting under color of state law, reached a mutual understanding and agreement to engage in unlawful acts—namely, to use excessive force against Plaintiffs and/or to cover up such conduct through coordinated omissions, false reporting, and retaliatory threats.

478.   One or more overt acts in furtherance of this conspiracy were committed by the above-named Defendants, including but not limited to: physically assaulting Plaintiffs, falsifying incident reports, failing to intervene in the unlawful use of force, discouraging inmates and witnesses from reporting abuse, and obstructing the grievance or disciplinary process.

479.   At all relevant times, Defendant JOHNSON, as SHERIFF of Santa Rosa County, was the final policymaker for the Santa Rosa County Jail and its staff with respect to training, supervision, discipline, use of force, and internal investigations.

480.   Upon information and belief, Defendant JOHNSON either knew of, condoned, or was deliberately indifferent to the agreement and coordinated conduct of his subordinates, and permitted such acts to proceed uncorrected, despite obvious

red flags—including facially inconsistent use-of-force reports, repeated inmate injuries, staff misconduct complaints, and prior incidents involving the same officers.

481. Defendant JOHNSON, acting as the final policymaker, allowed a widespread custom, practice, or policy of unlawful force and internal coverups to flourish under his leadership. His failure to train and supervise officers and failure to discipline those engaged in excessive force and falsification constitutes tacit approval and ratification of the conspiracy described herein.

482. The coordinated conduct of the Defendants would not have been possible but for the deliberate indifference of Defendant JOHNSON in his official capacity, which emboldened his subordinates to act in concert to violate Plaintiffs' rights with impunity.

483. As a direct and proximate result of the conspiracy and overt acts committed in furtherance of it, Plaintiffs suffered physical injuries, emotional distress, humiliation, reputational harm, and other damages.

484. Defendants are jointly and severally liable to Plaintiffs under this Count.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c)   enter judgment against Defendants and for Plaintiffs awarding damages to Plaintiffs from Defendants for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendants and for Plaintiffs permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)   enter judgment against Defendants and for Plaintiffs awarding Plaintiffs attorney's fees and costs; and

(f)   grant such other further relief as being just and proper under the circumstances.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this  27th day of June, 2025.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFFS